**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**GREENWOOD CEMETERY, INC.**<br><br>**Debtor.** | **CHAPTER 11**<br>**SUBCHAPTER V**<br><br>**CASE NO. 26-64990-BEM** |

**MOTION REQUESTING ENTRY OF ORDER AUTHORIZING PAYMENT OF PREPETITION COMPENSATION CLAIMS**

COMES NOW Greenwood Cemetery, Inc. ("Debtor"), by and through the undersigned counsel, and hereby files this *Motion Requesting Entry of Order Authorizing Payment of Prepetition Compensation Claims* (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a), 507(a)(4), and (a)(5).

**BACKGROUND**

2. On November 4, 2026 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V, of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3. Debtor is a Georgia non-profit corporation. Debtor operates a cemetery in Atlanta, Georgia (the "Business").

4. Pursuant to Section 1184 of the Bankruptcy Code, Debtor continues to operate its business as a debtor-in-possession.

**RELIEF REQUESTED**

5. By this Motion, Debtor requests that this Court enter an Order under Sections 507(a)(4), 507(a)(5) and 105(a) of the Bankruptcy Code authorizing Debtor to: (i) pay Debtor's work force their accrued prepetition compensation, if any, on regularly scheduled post-petition dates, and (ii) directing all banks to honor prepetition checks for payment of such prepetition claims.

**BASIS FOR RELIEF**

6. As of the Petition Date, Debtor maintains five (5) employees. Of the five (5) employees, one (1) is hourly and four (4) are salaried. Debtor's payroll is weekly, payable on every Friday.

7. The next date for payroll for employees is November 6, 2026, and covers the one-week period of October 28, 2026, through November 3, 2026 in the approximate gross amount of $6,999.76 (the "November 6th Payroll"). Debtor seeks authority to pay the entire amount of the November 6th Payroll on November 6, 2026, along with any fees associated with processing the November 6th Payroll to Debtor's payroll servicer, ADP, which debtor estimates in the approximate amount of $115.00.

8. Debtor does not seek to pay any amounts to or on account of insiders.

**APPLICABLE AUTHORITY**

9. Pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, a claim for "wages, salaries, or commissions, including vacation, severance and sick leave pay" earned within 180 days before the Petition Date, and claims against Debtor for contributions to employee benefit plans arising from services rendered within 180 days before the Petition Date, are afforded unsecured priority status to the extent of $17,150.00 per claimant. 11 U.S.C. § 507(a)(4) and (5).

Furthermore, section 363(b) of the Bankruptcy Code provides that a debtor in possession, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Courts have authorized payment of pre-petition debts "when such payment is deemed necessary to the survival of a debtor in a chapter 11 reorganization." *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) (finding that the debtor "cannot survive" unless it pays the pre-petition debts authorized to be paid); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (S.D.N.Y. 1989) ("the [doctrine of necessity] recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor.").

10. Debtor shows that the unpaid compensation claims are in the nature of wages, which would constitute priority claims under Sections 507(a)(4) and (a)(5) of the Bankruptcy Code. These compensation claims are imperative and critical to the continuity of Debtor's Business. The net pay to all persons sought to be paid pursuant to this Motion is less than said $17,150.00 per claimant amount. Moreover, Debtor's workforce is critical to its continuity and preservation of its going concern. If Debtor does not pay its workforce, Debtor will not be able to continue to operate.

11. Here, the post-petition stability of Debtor's workforce is integrally tied to Debtor's ability to continue business operations and reorganize its business and financial affairs. Any delay in payments to Debtor's workforce will impact Debtor's relationship with essential workers and may irreparably harm morale, dedication, confidence, and cooperation. The support and efforts of Debtor's workforce during the pendency of the case is critical to Debtor's ability to maximize the

value of its estate. At this early stage, Debtor cannot risk losing the critical mass of its personnel or suffering the substantial damage to the business that would inevitably result from any decline in morale.

12. In addition, for much, if not all, of the workforce, the compensation received from Debtor are needed to meet their own financial obligations. As a result, absent an order granting the relief requested in this Motion, they are likely to suffer personal hardship and, in many instances, serious financial difficulties. Moreover, if Debtor does not meet its obligations to its workforce, Debtor will jeopardize its ongoing operations.

13. Similar relief to the relief requested herein has been granted in this and other courts. *See, e.g.*, *In re In Balance Fitness, Inc.*, Case No. 10-63275-CRM (Doc No. 20) (Bankr. N.D. Ga. Feb. 8, 2010); *In re Helping Hands Community Based Services, Inc.*, Case No. 15-72675-MGD (Doc. N0. 19) (Bankr. N.D. Ga. Dec. 9, 2015); *In re Henry Anesthesia Associates, LLC*, Case No. 19-64159-LRC (Bankr. N.D. Ga., September 13, 2019); *In re Sigma Logistics, Inc.*, Case No. 19-69496 (Bankr. N.D. Ga., December 6, 2019). Debtor submits that the circumstances of this case warrant similar relief.

**NOTICE**

14. Notice of this Motion will be given to the Office of the United States Trustee, the Subchapter V Trustee, and the parties listed on the Debtor's 20 largest unsecured creditors list. Debtor submits that, under the circumstances, no other or further notice is required.

WHEREFORE, Debtor respectfully requests that this Court grant the relief requested in the Motion and grant such other relief as may be just and proper.

RESPECTFULLY SUBMITTED this 4th day of November, 2026.

**JONES & WALDEN LLC**

*/s/ Bethany L. Strain*
Bethany L. Strain
Georgia Bar No. 266129
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue NE
Atlanta, GA 30308
(404) 564-9300
bstrain@joneswalden.com
tmcclendon@joneswalden.com
*Proposed Counsel for the Debtor*